USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/15/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

TRUSTEES FOR THE MASON TENDERS
DISTRICT COUNCIL WELFARE FUND, PENSION
FUND, ANNUITY FUND, AND TRAINING
PROGRAM FUND; JOHN J. VIRGA, *in his fiduciary
capacity as Director*; and ROBERT BONANZA, *as
Business Manager of the* MASON TENDERS
DISTRICT COUNCIL OF GREATER NEW YORK,

                          Petitioners,

-v-

SHORECON-NY, INC.,

                          Respondent.

------------------------------------------------------------X

18 Civ. 4012 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

      Petitioners—the Trustees for the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund, and Training Program Fund ("the Trustees" of "the Funds") and related individuals—seek confirmation of an arbitration award issued against respondent Shorecon-NY, Inc. ("Shorecon"). *See* Dkt. 1 ("Pet."); Ex. 1 ("Award"). Shorecon is an employer bound by a Collective Bargaining Agreement with the Mason Tenders District Council of Greater New York ("the Union"). *See* Pet. at 1–2. Petitioners commenced this action on May 4, 2018, pursuant to Section 502 of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132; Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185; and Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9. For the following reasons, the Court confirms the Award.

1

## I. Background[1]

### A. The Parties and their Agreements

The Funds were established and are maintained pursuant to a Benefit Plan Trust Agreement and a Pension Fund Trust Agreement, and qualify as "employee benefit plan[s]" and "multiemployer plan[s]" within the meaning of ERISA. Pet. ¶ 1. Shorecon is an "employer" in an industry affecting commerce. *Id.* ¶ 3. At all relevant times, it was bound by the Build It Back Brooklyn Outer Borough Residential Market Recovery Project Labor Agreement (the "PLA)" between the LiRo Group, as Construction Manager, and the Building and Construction Trades Council of New York and Vicinity, of which the Mason Tenders District Council is a member. *Id.* ¶ 6. Shorecon was bound under the PLA to pay certain contributions to the Funds for all covered employees. *Id.* ¶ 7. As a participating employer with the Funds, Shorecon was also bound through the PLA to the terms of the Trust Agreements, *see id.* ¶ 10, which authorized legal action by the Funds, including the commencement of arbitration proceedings, to collect delinquent contributions, *id.* ¶ 12. In the event of legal action, the PLA and the Trust Agreements provide that the employer shall pay to the Funds all unpaid contributions due, interest on such unpaid contributions, liquidated damages, and reasonable attorney's fees and costs. *Id.* ¶ 13.

### B. The Arbitration Award

A dispute arose as to whether Shorecon had made contributions owed to the Funds covering work performed by its employees over various time periods between January 1, 2016, through February 28, 2016. *Id.* ¶ 15. Petitioners initiated arbitration proceedings before arbitrator Joseph A. Harris, *id.* ¶ 16, and a notice of the scheduled hearing was sent to Shorecon

---

[1] The following undisputed facts are derived from the Petition and the exhibits attached thereto.

2

by email and mail, Award at 2. Shorecon, however, did not appear at the hearing on May 1, 2017. Pet. ¶ 17.

Petitioners presented evidence including union shop steward reports indicating hours worked by Shorecon employees for the period from January 1, 2016, through February 28, 2016. *Id.* On May 5, 2017, arbitrator Harris issued the Award, finding that, "[b]ased on the substantial and credible evidence presented," Shorecon owed the Funds delinquent contributions. Award at 2. Harris directed Shorecon to pay to the Funds a total of $38,739.95, comprising delinquent contributions, interest, ERISA liquidated damages, and fees. *Id.*

### D. This Action

On May 4, 2018, after Shorecon failed to comply with petitioners' demand for the Award amount, *see* Pet. ¶ 19, petitioners filed this action seeking to confirm the Award. To date, Shorecon has not opposed the Petition or otherwise appeared in this case.

## II. Discussion

### A. Applicable Legal Standards

"Arbitration awards are not self-enforcing"; "they must be given force and effect by being converted to judicial orders by courts." *Power Partners MasTec, LLC v. Premier Power Renewable Energy, Inc.*, No. 14 Civ. 8420 (WHP), 2015 WL 774714, at *1 (S.D.N.Y. Feb. 20, 2015) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006)) (internal quotation mark omitted). The FAA provides a "'streamlined' process for a party seeking 'a judicial decree confirming an award.'" *Salzman v. KCD Fin., Inc.*, No. 11 Civ. 5865 (DLC),

3

2011 WL 6778499, at *2 (S.D.N.Y. Dec. 21, 2011) (quoting *Hall St. Assocs. L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)).

"Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair*, 462 F.3d at 110 (citations and internal quotation marks omitted). In this Circuit, "[t]he showing required to avoid summary confirmation of an arbitration award is high." *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (quoting *Ottley v. Schwartzberg*, 819 F.2d 373, 376 (2d Cir. 1987)); *see also Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003) ("It is well established that courts must grant an [arbitrator's] decision great deference.").

Review of an arbitral award by a district court "is 'severely limited' so as not unduly to frustrate the goals of arbitration, namely to settle disputes efficiently and avoid long and expensive litigation." *Salzman*, 2011 WL 6778499, at *2 (quoting *Willemijn*, 103 F.3d at 12). Indeed, "an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is 'a barely colorable justification for the outcome reached.'" *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992) (quoting *Andros Compania Maritima, S.A. v. Marc Rich & Co.*, 579 F.2d 691, 704 (2d Cir. 1978)).

A motion to confirm an arbitration award against a party that has failed to appear in the action is evaluated under the legal standards applicable to a motion for summary judgment. *See D.H. Blair*, 462 F.3d at 109–10. To prevail on such a motion, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

4

matter of law." Fed. R. Civ. P. 56(a). In making this determination, the Court must view all facts "in the light most favorable" to the non-moving party. *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (citations omitted). In determining whether there are genuine issues of material fact, the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation mark omitted)).

"Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004); *see also Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001). In reviewing an unopposed motion for confirmation of an arbitration award, a court:

> may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented.*

*D.H. Blair*, 462 F.3d at 110 (emphasis in original) (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244). Where "[t]here is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law [. . .] a court must grant an order to confirm an arbitration award upon the timely application of a party." *Herrenknecht Corp. v. Best Rd. Boring*, No. 06 Civ. 5106 (JFK), 2007 WL 1149122, at *2 (S.D.N.Y. Apr. 16, 2007) (citing 9 U.S.C. § 9; *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)).

### B. Confirmation of the Arbitral Award

On the basis of the Award, and on the very limited review that is appropriate, the Court finds that summary judgment is warranted, as petitioners have shown there is no material issue of fact in dispute. The arbitrator acted within the scope of the authority granted him by the parties, and found "substantial and credible evidence" that Shorecon was required to make certain payments to the Funds, and that it failed to do so, as revealed by evidence submitted by petitioners at the arbitration hearing. Award at 2. From this, the Court concludes that there is at least a "barely colorable justification for the outcome reached," and by all indications a more than colorable one. *Landy Michaels Realty Corp.*, 954 F.2d at 797. Accordingly, the Court confirms the Award in favor of petitioners, for a total amount of $38,739.95.

### C. Attorney's Fees Associated with this Action

Parties seeking to confirm an arbitration award often request fees and costs incurred in bringing such a petition. *See, e.g., Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund v. Richie Jordan Constr. Inc.*, No. 15 Civ. 3811 (PAE), 2015 WL 7288654, at *4 (S.D.N.Y. Nov. 17, 2015). Here, petitioners do not request such fees and costs and have not included any records that would allow the Court to quantify them, even assuming petitioners were entitled to them. *See Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund v. Dejil Sys., Inc.*, No. 12 Civ. 005 (JMF), 2012 WL 3744802, at *4 (S.D.N.Y. Aug. 29, 2012) (parties not necessarily entitled to fees and costs associated with bringing petition to confirm arbitration award for recovery of delinquent contributions) (citing *Abondolo v. Jerry WWHS Co., Inc.*, 829 F. Supp. 2d 120, 130 (E.D.N.Y. 2011)); *Laundry, Dry Cleaning Workers & Allied Indus. Health Fund v. Stainless Partners, Inc.*, No. 07 Civ. 3542 (CPS), 2007 WL 3232260, at *3 (E.D.N.Y. Oct. 31, 2007) (denying request for attorney's fees where petitioners failed to submit any time records).

Therefore, the Court does not award fees and costs associated with bringing the Petition.

### D. Post-Judgment Interest

Petitioners also seek post-judgment interest. Pet. ¶ 19. Such interest "shall be allowed on any money judgment in a civil case recovered in a district court . . . at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). Awards of post-judgment interest under § 1961 are mandatory. See *Cappiello v. ICD Publ'ns, Inc.*, 720 F.3d 109, 113 (2d Cir. 2013) (collecting cases). An order confirming an arbitration award is to be "docketed as if it was rendered in an action," and "have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered." 9 U.S.C. § 13. Accordingly, § 1961 applies to actions to confirm arbitration. *See, e.g., Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100–01 (2d Cir. 2004) (awarding post-judgment interest in an arbitration case). The Court therefore also awards interest to accrue from the date judgment is entered until payment is made.

## CONCLUSION

For the reasons stated above, the Court confirms the Award in favor of petitioners and issues judgment in the amount of $38,739.95 plus post-judgment interest pursuant to 28 U.S.C. § 1961(a).

The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

_____
Paul A. Engelmayer
United States District Judge

Dated: October 15, 2018
       New York, New York